IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| ARVEST BANK | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 6:14-cv-03287-SRB |
| | ) | |
| MARK D. ELGIN and | ) | |
| LYNN ELGIN, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Defendant, Lynn Elgin's, Supplemental Motion for Summary Judgment (Doc. #99). For the reasons stated below, the motion is DENIED.

I.   **Background**

This is Defendant Lynn Elgin's second motion for summary judgment. The Court denied Lynn Elgin's first motion for summary judgment on November 20, 2015. On January 8, 2016, the Court granted Defendants Lynn and Mark Elgin's request to continue the trial. At the same time, the Court granted both Plaintiff and Defendants leave to file supplemental motions for summary judgment.

The facts of this case are more fully set out in the Court's prior Order dated November 20, 2015. Even so, the facts particular to this motion are restated for clarity. On September 30, 2006, Defendants Mark and Lynn Elgin entered into a Limited Guaranty Agreement guaranteeing payment on a loan extended to Branson Hills Development Company, L.L.C. under the Master Loan Agreement. (Doc. #56-3, p. 1). The Limited Guaranty Agreement included a maximum obligation provision in the amount of $5,000,000 and further provided, "A further

limitation of liability is that the guaranty of guarantor Lynn Elgin may be enforced only against property held jointly by guarantors Mark Elgin and Lynn Elgin." (Doc. #56-3, p. 4).

In her first motion for summary judgment, Lynn Elgin argued that judgment must be entered in her favor because she and Mark Elgin are now divorced and do not hold any joint property. In support of her argument, Lynn Elgin submitted the couple's Final Judgment of Divorce dated April 11, 2013, and Lynn Elgin's 2011 affidavit attesting that the parties held no joint property. The Court denied Lynn Elgin's motion because even assuming that Lynn Elgin would be absolved from liability if she holds no joint property with Mark Elgin, the divorce decree and an affidavit from 2011 were insufficient to establish the lack of a genuine issue of fact that the Elgins presently hold no joint property.

Lynn Elgin's supplemental motion for summary judgment is based on the same argument as her first motion for summary judgment, i.e. judgment must be entered in her favor because she and Mark Elgin do not own any joint property. In support of her argument, Lynn Elgin again submitted the couple's Final Judgment of Divorce dated April 11, 2013, but she also submitted an affidavit dated January 29, 2016. (Doc. #100-1). Lynn Elgin attests, "After a thorough review, I am not presently aware of the existence [of] any property held jointly by myself and Mark Elgin." Plaintiff argues in opposition to Lynn Elgin's supplemental motion for summary judgment that the motion should be denied because 1) Lynn Elgin's equivocal attestation that she isn't "aware" of any jointly held property does not establish as a matter of law that there is no jointly held property; and 2) whether or not Lynn and Mark Elgin hold joint property will not prevent entry of a judgment against Lynn Elgin, but rather, the contractual limitation applies to the enforcement of any judgment.

2

## II. Legal Standard

A moving party is entitled to summary judgment on a "claim or defense" or "part of [a] claim or defense" . . . "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Such a showing may be made by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, . . . interrogatory answers, or other materials[.]" Fed. R. Civ. P. 56(c)(1)(A). Material facts are those "that might affect the outcome of the suit under the governing law," and a genuine dispute over a material fact is one "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When a fact for or against summary judgment is established by affidavit or declaration, the affidavit or declaration "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

"Summary judgment is appropriate if the evidence, viewed in the light most favorable to the [nonmovant] and giving [the nonmovant] the benefit of all reasonable inferences, shows there are no genuine issues of material fact and [the movant] is entitled to judgment as a matter of law." *Price v. N. States Power Co.*, 664 F.3d 1186, 1191 (8th Cir. 2011) (citation omitted). "Once the moving party has made and supported their motion, the nonmoving party must proffer admissible evidence demonstrating a genuine dispute as to a material fact." *Holden v. Hirner*, 663 F.3d 336, 340 (8th Cir. 2011) (citation omitted). A party opposing summary judgment "may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. "Mere allegations, unsupported by specific facts or evidence beyond the nonmoving party's own conclusions, are

3

insufficient to withstand a motion for summary judgment." *Thomas v. Corwin*, 483 F.3d 516, 526–27 (8th Cir. 2007) (citation omitted). Summary judgment should not be granted if a reasonable jury could find for the nonmoving party. *Woodsmith Publ'g Co. v. Meredith Corp.*, 904 F.2d 1244, 1247 (8th Cir. 1990) (citing *Anderson*, 477 U.S. at 248).

**III.   Discussion**

The Court agrees with Plaintiff that whether or not Mark and Lynn Elgin hold joint property is not a material issue of fact because even if they do not hold joint property, judgment may still be entered against Lynn Elgin if all the elements of breach of guaranty are proven. The Court notes it did not reach this issue in connection with Lynn Elgin's first motion for summary judgment because Lynn Elgin's proof in support of her argument – the divorce decree and a four-year-old affidavit – was so clearly insufficient. Lynn Elgin has now presented to the Court a current affidavit, and while the affidavit does not state unequivocally that no joint property exists, the Court finds that the better course at this point in the proceeding and based upon the present record, is to address the contract interpretation issue.

Neither party argues that the Limited Guaranty language is ambiguous, and the Court finds the language is unambiguous. As stated by the Eighth Circuit, "Interpretation of an unambiguous contract provision is a question of law suitable for summary judgment." *Contract Freighters, Inc. v. J.B. Hunt Transport, Inc.*, 245 F.3d 660, 663 (8th Cir. 2001) (citing *McCormack v. Citibank, N.A.*, 100 F.3d 532, 538 (8th Cir. 1996)). Again, the contract provision upon which Lynn Elgin argues she is entitled to summary judgment states:

> Section 9. Limitation of Liability. Notwithstanding anything contained herein to the contrary, the aggregate maximum obligation of the Guarantors under this Guaranty shall not exceed the sum of five Million Dollars ($5,000,000.00). A further limitation of liability is that the guaranty of guarantor Lynn Elgin may be enforced only against property held jointly by guarantors

4

> Mark Elgin and Lynn Elgin. Further, except for the limitations of this Guaranty in this Section, Guarantors shall be jointly and severally liable for the performance of the Obligations of Guarantors under this Guaranty, provided that the Bank is the prevailing party.

(Doc. #56-3, p. 4).

The preceding provision does not preclude entry of a judgment against Lynn Elgin if she and Mark Elgin do not hold joint property. Rather, the clear and unambiguous language provides that any judgment on the guaranty "may be enforced only against property held jointly by" Mark and Lynn Elgin. Whether or not joint property exists against which any judgment may be enforced, is a matter of collectability and not liability. Lynn Elgin's motion for summary judgment must be denied.

## IV. Conclusion

For the foregoing reasons, Defendant, Lynn Elgin's, Supplemental Motion for Summary Judgment (Doc. #99) is DENIED.

**IT IS SO ORDERED**.

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: <u>March 31, 2016</u>